IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NICHOLAS BEHARRY,<br>  A30-130-454 | * | |
|                Petitioner | * | |
| v. | | CIVIL ACTION NO. AMD-05-2964 |
| | * | |
| UNITED STATES OF AMERICA, | | |
| | * | |
|                Respondents | | |
| | ****** | |

MEMORANDUM

This 28 U.S.C. § 2241 pro se petition for habeas corpus relief was filed on October 31, 2005. Petitioner Nicholas Beharry ("petitioner" or "Beharry") is a Department of Homeland Security, Immigration and Customs Enforcement ("ICE") detainee held in custody at the St. Mary's Detention Center in Leonardtown, Maryland, while awaiting deportation from the United States to Trinidad. Paper No. 1. Because it was not clear from the petition whether Beharry contested his continued detention or the statutory and legal basis for his removal, he was directed to supplement the petition. Paper No. 2. He has now done so, clarifying that he is challenging the basis for his order of removal. Paper No. 5. In the interim, respondents filed a preliminary response to the petition and notice of intent to remove, wherein they argue that petitioner's detention is not unlawful and his removal is imminent.[1] Paper No. 4.

Petitioner contends that his state court conviction for robbery with a deadly weapon was a misdemeanor offense, not an aggravated felony, and therefore cannot serve as the basis for his final order of removal. Paper No. 5. Affording the pro se petition a generous construction, it appears that petitioner has raised a § 2241 claim involving questions of law and statutory interpretation. In the

---

[1] Petitioner is scheduled to be removed on or after December 17, 2005. Paper No. 4.

past, this court would exercise subject matter jurisdiction over the matter and order the respondents to file an answer. On May 11, 2005, however, President Bush signed the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005). Included within this far-reaching legislation is the Real ID Act of 2005, Pub. L. No. 109-13, Div. B, § 106(a), 119 Stat. 231 (2005) ("RIDA"). Section 106(a)(1)(B) of RIDA substantially modifies the route aliens must take to seek judicial review of constitutional claims or questions of law related to an order of removal.

> Section 106(a)(1)(B)(4) provides:
>
> [N]otwithstanding . . . section 2241 of title 28, United States Code, or any other habeas corpus provision . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of any cause or claim under the United Nations Convention Against Torture.
>
> In addition, Section 106(a)(1)(B)(5) states:
>
> [N]otwithstanding . . . section 2241 of title 28, United States Code, or any other habeas corpus provision . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issues under any provision of this Act . . . . For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 or such title.

These provisions divest this court of jurisdiction to adjudicate Beharry's petition. Instead of dismissing the case, however, the undersigned shall treat the petition as one for review improperly filed in this court and transfer it to the United States Court of Appeals for the Fourth Circuit. Any

deportation is stayed pending further order from the Fourth Circuit.[2]

    A separate Order follows.


Filed: December 13, 2005                                      _/s/_____
                                                                                  Andre M. Davis
                                                                                  United States District Judge

---

    [2]The Fourth Circuit has not yet indicated whether the transfer of such habeas corpus petitions is acceptable. In other cases previously before this court, the government has argued that transfer of post-RIDA habeas corpus cases under 28 U.S.C. § 1631 is inappropriate where the action could not have originally been brought in the transferee court. *See* 28 U.S.C. § 1631 (court lacking jurisdiction shall, if it is in the interest of justice, transfer action to any other such court in which the action could have been brought at the time it was filed or noticed). Acceptance of this argument, however, would effectively deprive petitioner of judicial review of his statutory claims, as any re-filed petition in the Fourth Circuit would likely be deemed untimely under 8 U.S.C. § 1252(b)(1) (petition for review is to be filed 30 days after the date of the final order of removal). Moreover, the undersigned observes that the RIDA conference report noted that the intent of RIDA is to "give every alien one day in the court of appeals." *See* H.R.Rep. No. 109-72, at 175 (2005).

    RIDA arguably has implicates important protections under the Due Process and Suspension Clauses. *See INS v. St. Cyr*, 533 U.S. 289, 299-301 (2001). Prior to the enactment of RIDA, an alien contesting removal could file one of two federal petitions: (1) a petition for review in a court of appeals or (2) a petition for a writ of habeas corpus in district court. Under the plain terms of § 106(a)(1)(B), however, aliens are foreclosed from filing a habeas petition. In addition, while habeas corpus jurisprudence provides for an evidentiary hearing in some circumstances, § 106(a)(1)(B) requires aliens to file a petition for review, which restricts the court to "decide the petition only on the administrative record on which the order of removal is based." *See* 8 U.S.C. § 1252(b)(4)(A). Given the underlying constitutional implications of RIDA, *see Wahab v. U.S. Attorney General*, 373 F.Supp.2d 524, 525-26 (E.D. Pa. 2005), judicial scrutiny of the relevant issues seems warranted. Therefore, the undersigned deems it appropriate to transfer this case to the Fourth Circuit.

3